IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
BOBBY DAVIS, BRENDA DAVIS,     )
and GEOFFREY DAVIS,            )
                               )
           Plaintiffs,         )         8:11CV69
                               )
     v.                        )
                               )
BAMFORD, INC. and NANCY MARET  )         ORDER
PACKER, Personal               )
Representative of the ESTATE   )
OF MICHAEL PACKER,             )
                               )
           Defendants.         )
_____)
```

      This matter is before the Court on plaintiffs' motion for protective order pursuant to Federal Rule of Civil Procedure 26(c) (Filing No. 42). Defendants seek to compel plaintiffs' attendance at depositions in Omaha, Nebraska, scheduled for November 28-29, 2011. Plaintiffs live in Texas. Plaintiffs have submitted affidavits outlining the difficulties they would have if required to attend depositions in Nebraska, including medical, physical, financial, and work-related problems (Filing No. 46).

      "Ordinarily, plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition." 8A Charles Alan Wright et al., *Federal Practice and Procedure* § 2112 (3d ed. 2010). "At best, however, this is a general rule which is subject to exception, when the

plaintiff can make a compelling showing that its application would impose an unduly heavy burden . . . ." *Archer Daniels Midland Co. v. Aon Risk Services, Inc.*, 187 F.R.D. 578 (D.Minn. 1999). "It is well settled that the district court has great discretion in designating the location of taking a deposition . . . ." *Thompson v. Sun Oil Co.*, 523 F.2d 647 (8th Cir. 1975).

Plaintiffs selected the forum of the District of Nebraska for their suit only because the highway accident that is the focus of the suit occurred in Nebraska and defendants reside in Nebraska. Plaintiffs likely had no other real option as to another jurisdiction. The Court finds that plaintiffs have made a "compelling showing" as to "the unduly heavy burden" imposed by attending the deposition in Omaha. Accordingly,

IT IS ORDERED that plaintiffs' motion for protective order is granted. Defendants shall conduct the depositions of plaintiffs at Fee, Smith, Sharp & Vitullo, LLP, Three Galleria Tower, 13155 Noel Road, Suite 1000, in Dallas, Texas.

DATED this 22nd day of November, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court