IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOBBY DAVIS, BRENDA DAVIS, and GEOFFREY DAVIS, | ) ) ) | |
| Plaintiffs, | ) ) | 8:11CV69 |
| v. | ) ) | |
| BAMFORD, INC. and NANCY MARET PACKER, Personal Representative of the ESTATE OF MICHAEL PACKER, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on defendants' motion to compel plaintiff Bobby Ray Davis to appear, filed pursuant to Federal Rule of Civil Procedure 35(a) (Filing No. 49), with supporting brief and index of evidence (Filing Nos. 50 and 51). Plaintiffs filed a brief in opposition to the motion (Filing No. 58), to which defendants replied (Filing No. 60).

Also before the Court is defendants' motion to extend scheduling deadlines (Filing No. 53). Plaintiffs have not filed a brief in opposition to this motion.

After considering the parties' submissions and the applicable law, the Court finds that defendants' motion to compel should be granted in part and denied in part and that defendants' motion to extend should be granted. In addition, this Court's previous protective order (Filing No. 48), which had been stayed, is rescinded as to plaintiff Bobby Davis, and the stay on the

protective order is lifted as to plaintiffs Brenda Davis and Geoffrey Davis.

**I.   Motion to Compel.**

    **A.   Factual and Procedural Background.**

Plaintiffs, who live in the Dallas, Texas, area, brought this case against defendants because of a traffic accident that occurred in the District of Nebraska on May 11, 2009.  Plaintiff Bobby Davis claims that he was severely injured in the accident, "including injuries associated with being impaled by a pipe through his left leg, pelvis, and right back, causing bladder rupture, pelvis fracture, vascular injury, and leg and back injuries" (Complaint, Filing No. 1, at 7).  Bobby Davis claims that he "suffered mental anguish and physical pain in the past" and "will, in all likelihood suffer mental anguish and physical pain in the future" (*Id.*).  In addition, Bobby Davis claims that he "has suffered lost wages in the past, and will in all likelihood suffer loss of earning capacity in the future" (*Id.*).

Defendants seek to have Bobby Davis examined by two medical doctors and one vocational rehabilitation counselor in Omaha, Nebraska, the forum for this action.  In addition, defendants seek to depose all three plaintiffs in Omaha, Nebraska, during the same time period as the proposed examinations of Bobby Davis.  Defendants have offered to pay

Bobby Davis' air fare for the flight from Dallas to Omaha up to four hundred dollars and have offered to pay his lodging expenses up to one hundred dollars per night for four nights.

Plaintiffs are not in agreement with defendants' proposal. Plaintiffs would prefer to be deposed in Dallas, Texas, where they reside. In addition, Bobby Davis is only willing to be examined by one physician, also in the Dallas, Texas, area.

### B. Federal Rule of Civil Procedure 35(a).

Rule 35(a) provides,

> (a) Order for an Examination.
> (1) In General. The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .
> (2) Motion and Notice; Contents of the Order. The order:
> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

The party requesting a Rule 35 exam must adequately demonstrate that Rule 35's "in controversy" and "good cause" requirements are satisfied. *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). This showing can be made "by affidavits or

other usual methods," but, in some circumstances, the pleadings alone will be sufficient to establish that the requirements are met. *Id.* at 119. "A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* (internal citation omitted).

"The manner and conditions of a court-ordered medical examination, as well as the designation of the person or persons to conduct such an examination, are vested in the sound discretion of the trial court." *Sanden v. Mayo Clinic,* 495 F.2d 221, 225 (8th Cir. 1974). "Although there is some division of authority, most judges have, in the usual case, ordered the plaintiff to appear for examination at the place where the trial would be held —- that is, at the venue selected initially by the plaintiff." *Baird v. Quality Foods, Inc.*, 47 F.R.D. 212, 212-13 (E.D. La. 1969). "This allows the examining physician to be available conveniently for testimony." *Id.* at 213.

"Rule 35 does not limit the number of examinations. Nor would such a limitation be a judicious one." *Peters v. Nelson*, 153 F.R.D. 635, 637 (N.D. Iowa 1994) (internal citations omitted). "Each request for an independent medical examination must turn on its own facts, and the number of examinations to

-4-

which a party may be subjected depends solely upon the circumstances underlying the request." *Id.*

    **C. Legal Analysis.** Defendants seek to compel Bobby Davis to submit to two medical examinations and one vocational assessment.

    **1. Medical Examination by R. Michael Kroeger, M.D.**

Defendants move the Court to compel Bobby Davis to be examined by Dr. R. Michael Kroeger. Dr. Kroeger is a medical doctor in Omaha, Nebraska, with a specialty in urology.

Bobby Davis alleges that as a result of the accident, he was impaled by a pipe through his left leg, pelvis, and right back, causing bladder rupture, bladder dysfunction, pelvis fracture, vascular injury, and impairment with sexual intercourse. The Court finds that defendants have sufficiently shown that the requirements of Rule 35 are satisfied with regard to an examination of Bobby Davis' torso and legs by urologist Dr. Kroeger. The pleadings establish the "in controversy" and "good cause" requirements for such an exam, and plaintiffs have not disputed that Dr. Kroeger is a qualified physician.

Plaintiffs have not submitted to the Court any evidence from Bobby Davis' treating physicians to support plaintiffs' claim of the difficulty of travel for Bobby Davis, or of his need for a traveling companion. Defendants have offered to reimburse Bobby Davis for a substantial portion of his travel expenses.

The parties may determine the date and time of the examination without the Court's involvement, but the Court finds that the examination should take place in Omaha, Nebraska, where Dr. Kroeger practices and where he will testify at trial.

### 2. Medical Examination by Terry A. Davis, M.D.

Defendants also move the Court to compel Bobby Davis to be examined by Dr. Terry A. Davis. Dr. Davis is a medical doctor in Omaha, Nebraska, with a specialty in psychiatry and forensic psychiatry.

Bobby Davis alleges that as a result of the accident, he has suffered mental anguish in the past and will likely suffer mental anguish in the future. The Court finds that defendants have sufficiently shown that the requirements of Rule 35 are satisfied with regard to a psychiatric examination of Bobby Davis by psychiatrist Dr. Davis. The pleadings establish the "in controversy" and "good cause" requirements for such an exam, and plaintiffs have not disputed that Dr. Davis is a qualified physician.

Accordingly, defendants' request for a Rule 35 psychiatric exam by Dr. Davis in Omaha, Nebraska, will be granted. The examination will be limited to two hours. The parties will determine the date and time of the examination without the Court's involvement, but the Court finds that the

examination should take place in Omaha, Nebraska, where Dr. Davis practices and where he will testify at trial.

### 3.   **Vocational Assessment by Ronald R. Schmidt.**

Finally, defendants request that Bobby Davis be assessed by Mr. Ronald R. Schmidt.  Mr. Schmidt is a certified rehabilitation counselor in Omaha, Nebraska, who provides "vocational evaluation, counseling, guidance and placement work in the rehabilitation of physically and mentally impaired individuals" (Ex. 5, Filing No. 51, at 1).  Bobby Davis alleges that as a result of the accident, he has suffered lost wages in the past and will likely suffer loss of earning capacity in the future.  Defendants state that Mr. Schmidt should be allowed to directly examine Bobby Davis, just as the experts retained by plaintiffs have done.

The Court finds that defendants have not shown that "good cause" exists for the assessment.  Defendants have not sufficiently demonstrated what the examination would entail or why the information sought cannot be obtained through other modes of discovery.  As noted by the District Court of Minnesota in a similar case:

> . . . defendant has been provided with all of plaintiff's medical records, has deposed plaintiff, and has been provided with information concerning plaintiff's education, experiences and medical disability. The undersigned therefore finds that defendant has been provided

> with ample material which
> [defendant's vocational expert] may
> review to form a conclusion as to
> plaintiff's employment
> capabilities.  The fact that
> [defendant's vocational expert] is
> precluded from personally examining
> plaintiff does not preclude
> defendant from having [defendant's
> vocational expert] testify at trial
> as to the conclusions he forms
> pursuant to his review.

*Stanislawski v. Upper River Services, Inc.*, 134 F.R.D. 260, 262 (D. Minn. 1991).  Defendants' request for a Rule 35 vocational examination by Mr. Schmidt will be denied.

**II.  Protective Order**.

Previously, defendants had sought to compel plaintiffs' attendance at depositions in Omaha, Nebraska, scheduled for November 28-29, 2011.  Plaintiffs filed a motion for protective order requesting that the depositions take place in Dallas, Texas, rather than in Omaha.  The Court granted the motion for protective order, stating that the depositions would take place in Dallas, Texas.

Subsequently, the Court stayed the protective order after granting defendants leave to file a surreply brief in response to evidence submitted in plaintiffs' reply brief.  Thus, the stayed protective order is at issue.

**A.  Bobby Davis**.  Because the Court is partly granting defendants' motion to compel Bobby Davis to submit to medical examinations in Omaha, Nebraska, the motion for protective order

-8-

is rescinded as to Bobby Davis, and the deposition of Bobby Davis will take place in Omaha, Nebraska, during the same time period as his medical examinations.

**B.   Brenda Davis and Geoffrey Davis.**  The stay on the protective order is lifted as to the depositions of Brenda Davis and Geoffrey Davis.  Their depositions will take place in Dallas, Texas, as previously ordered, unless they consent to being deposed in Omaha.

**III.  Motion to Extend Scheduling Deadlines.**

Defendants move to extend the scheduling deadlines as given in the final progression order (Filing No. 37) by two months.  Plaintiffs have not filed a response in opposition to the motion to extend.  The Court finds that the motion to extend should be granted.  Accordingly,

IT IS ORDERED that

1)  Defendants' motion to compel plaintiff Bobby Davis to appear (Filing No. 49) is granted as to examinations by Dr. Kroeger and Dr. Davis, as consistent with this memorandum and order;

2)  Defendants' motion to compel plaintiff Bobby Davis to appear (Filing No. 49) is denied as to an examination by Mr. Schmidt;

3)  The Court's protective order (Filing No. 48) is rescinded as to plaintiff Bobby Davis, and the stay on the

protective order is lifted as to plaintiffs Brenda Davis and Geoffrey Davis;

    4)  Defendants' motion to extend scheduling deadlines by two months (Filing No. 53) is granted, and the final progression order (Filing No. 37) will be amended, including extensions of time for disclosure of expert witnesses, completion of discovery, pretrial motions, final pretrial conference, and trial date; and

    5)  Defendants' request for oral argument with regard to these motions is denied.

    DATED this 9th day of January, 2012.

    BY THE COURT:

    /s/ Lyle E. Strom

    _____
    LYLE E. STROM, Senior Judge
    United States District Court