IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
BOBBY DAVIS, BRENDA DAVIS,    )
and GEOFFREY DAVIS,           )
                              )
              Plaintiffs,     )              8:11CV69
                              )
        v.                    )
                              )
BAMFORD, INC., and            )          MEMORANDUM AND ORDER
NANCY MARET PACKER, Personal  )
Representative of the ESTATE  )
OF MICHAEL PACKER,            )
                              )
              Defendants.     )
_____)
```

This matter is before the Court on several motions in limine offered prior to trial. The Court heard oral argument on the motions on June 11, 2012. After reviewing the motions, briefs, evidentiary record, oral arguments, and applicable law, the Court rules as follows.

Plaintiffs filed two motions requesting the exclusion of certain evidence and testimony of potential witnesses (Filing Nos. 95 and 96). The Court reserves ruling on the motions at this time and will address each issue as it may arise during the course of the trial.

Defendants filed four motions also requesting the exclusion of certain evidence and testimony of potential witnesses (Filing Nos. 99, 102, 105, and 108). With regard to Filing Nos. 99, 102, and 108, the Court reserves ruling on the motions and will address each issue as it may arise during the

course of the trial.  However, the Court will address Filing No. 105 at this time.

Defendants filed a motion to exclude or limit the expert testimony of Dr. Shannon Shipp (Filing No. 105, with brief, Filing No. 106, and index of evidence, Filing No. 107). Plaintiffs filed a responsive brief with index of evidence (Filing Nos. 133 and 134), to which defendants replied (Filing No. 146).  Shannon Shipp, Ph.D., CEA (Certified Earnings Analyst), is plaintiffs' expert designated to testify as to economic damages suffered by plaintiff Bobby Davis.  Dr. Shipp created an initial report dated July 22, 2010 (Ex. 2, Filing No. 107), a supplemental report dated November 7, 2011 (Ex. 3, Filing No. 107), and also gave deposition testimony (Ex. 4, Filing No. 107).  Defendants claim that Dr. Shipp includes in his reports and testimony specific information about future inflation and its effects on Bobby Davis' income and his future medical care costs. Defendants state that this is improper.

Defendants cite the Eighth Circuit's opinions as to the use of expert witness testimony on future inflation rates in Nebraska cases:  "[W]e have noted that it may be an abuse of discretion for the trial court to admit expert testimony predicting future inflation at a specified rate 'not only because it is speculative and uncertain, but because it opens up a myriad of collateral and remote considerations.'"  *Taenzler v.*

*Burlington N.*, 608 F.2d 796, 801 (8th Cir. 1979) (quoting *Riha v. Jasper Blackburn Corp.*, 516 F.2d 840, 844 n.4 (8th Cir. 1975)).

In *Taenzler*, the Eighth Circuit did recommend that the jury consider the effects of inflation, but only generally: "This court has not required the trier of fact . . . to ignore the prospect of future inflation in determining damages for lost earning capacity. On the contrary, recognizing the compensatory purpose of damage awards . . . and the significance of inflationary factors in setting just compensation, this court has indicated that it may be error for the trial court to instruct the jury not to consider the prospect of future inflation in determining damages." Taenzler, 608 F.2d at 800.

Plaintiffs claim that case law has progressed since the time of *Riha* and *Taenzler*. Plaintiffs cite a 2007 case from the Nebraska Supreme Court: "Present value must be determined because the money awarded can be invested and earn interest. A present award should also consider the fact that inflation will increase the expenses incurred by the plaintiff. Although the plaintiff can earn interest, the value of the dollar will decline because of inflation." *Fickle v. State*, 274 Neb. 267, 270-71, 759 N.W.2d 113, 117 (2007) (citing G. Michael Fenner, *About Present Cash Value*, 18 Creighton L. Rev. 305 (1985). In oral argument, plaintiffs cited the commentary to Nebraska civil jury instruction 4.13, addressing "Present Cash Value," which also

-3-

quotes from *Fickle*. However, *Fickle* does not address the issue at hand, which is whether expert testimony should be admitted subscribing to a particular future rate of inflation. Instead, *Fickle* seems to stand for the proposition that inflation should be considered when making a damages award, a proposition with which the Eighth Circuit explicitly agrees in *Taenzler*. *Fickle* does not directly support the admission of expert testimony as to what a particular inflation rate in the future might be.[1]

Plaintiffs also cite a later Eighth Circuit case out of the Eastern District of Missouri where the court states, "We note that the law on the admissibility of expert evidence of future rates of inflation is not static." *McGowne v. Challenge-Cook Bros., Inc.*, 672 F.2d 652, 668 (8th Cir. 1982). However, in that same case, the Eighth Circuit quotes *Taenzler*, stating, "In *Taenzler v. Burlington Northern*, we noted: 'In cases where we have applied state law, we have held expert testimony directly predicting some future inflation rate admissible in this kind of case under Iowa law, but inadmissible under Nebraska law and

---

[1] It should be noted that Professor Fenner has speculated that *Riha*, on which *Taenzler* is based, "apparently is wrong in part about how Nebraska might handle inflation." Fenner, *supra*, at 312. Professor Fenner states that the Nebraska Supreme Court "has implicitly approved expert future-damage computations which factor in projected rates of inflation." Fenner, *supra*, at 310 (citing *Ott v. Frank*, 202 Neb. 820, 823-24, 277 N.W.2d 251, 253 (1979)). Because *Taenzler* was decided after *Ott*, the Court assumes that the Eighth Circuit considered the case and declined to act on only an implicit approval of such expert testimony.

under Minnesota law." *McGowne*, 672 F.2d at 667 (quoting Taenzler, 608 F.2d at 799 n.6) (internal citations omitted). Thus the Eighth Circuit acknowledged that while though the law may be changing over time, such expert testimony is inadmissible in Nebraska.

Plaintiffs have not presented the Court with any authority from either the Eighth Circuit or the Nebraska Supreme Court that explicitly refutes *Taenzler* on this point. For that reason, the Court will grant defendants' motion in part and will exclude from the testimony and expert report of Dr. Shipp any reference to a projected, specific future inflation rate. Accordingly,

IT IS ORDERED:

1) Defendants' motion to exclude or limit the expert testimony of Dr. Shannon Shipp (Filing No. 105) is granted in part, to the extent that Dr. Shipp will not refer to a specific future rate of inflation in his testimony or in his expert report; and

2) The Court reserves ruling on all remaining motions in limine and will address each issue as it may arise during the course of the trial.

DATED this 18th day of June, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court