IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOBBY DAVIS and BRENDA DAVIS, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:11CV69 |
| | ) | |
| v. | ) | |
| | ) | |
| BAMFORD, INC., and | ) | MEMORANDUM AND ORDER |
| NANCY MARET PACKER, Personal | ) | |
| Representative of the ESTATE | ) | |
| OF MICHAEL PACKER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on defendants' motion for new trial, or in the alternative, for consideration of a remittitur, filed pursuant to Federal Rule of Civil Procedure 59 (Filing No. 230, with brief, Filing No. 231). Plaintiffs filed a response to defendants' motion (Filing No. 237), to which defendants replied (Filing No. 250). After having reviewed defendants' motion, the briefs, and relevant case law, the Court will deny defendants' motion.

This action arises out of a traffic accident that occurred on May 11, 2009. On the day of the accident, Michael Packer ("Packer") was operating a pickup truck owned by his employer, defendant Bamford, Inc. ("Bamford"). Bamford had altered the pickup truck, adding a rack for the purpose of transporting plumbing materials. Packer was carrying metal pipe on the pickup truck at the time of the accident.

Prior to the collision, Packer was traveling westbound along Interstate 80 in Dawson County, Nebraska. He left the westbound lanes and traveled across the median into the eastbound lanes of Interstate 80, where he collided nearly head-on with the Davis vehicle, driven by Bobby Davis. As a result of the collision, Bobby Davis was pinned inside his vehicle by a length of metal pipe that came from the Bamford pickup truck, and Packer died at the scene.

On June 19, 2012, this Court granted plaintiffs' motion for partial summary judgment as to the question of liability, such that the only question for the jury was the amount of damages (Filing No. 179). On July 3, 2012, the jury returned a verdict in favor of Bobby Davis for $9,521,757.18 and in favor of his wife, Brenda Davis, for $1,100,000.00.

I.  **The Court's Order Granting Plaintiffs' Motion for Partial Summary Judgment.**

Defendants claim that the Court should grant their present motion on the grounds that the Court's order granting plaintiffs' motion for partial summary judgment was incorrectly decided. Thus, the Court will construe this aspect of defendants' present motion not as a motion for a new trial filed pursuant to Federal Rule of Civil Procedure 59(a), but, rather, as a motion to alter or amend judgment filed pursuant to Federal Rule of Civil Procedure 59(e).

"A district court has broad discretion in determining whether to grant a motion to alter or amend judgment . . . ." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988).  A Rule 59(e) motion to alter or amend a judgment "does not allow arguments or evidence to be presented after judgment when the argument or evidence could have been presented earlier." *McAllister v. Transamerica Occidental Life Ins. Co.* 325 F.3d 997, 1003 n.4 (8th Cir. 2003) (citations omitted).  "A Rule 59(e) motion 'cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment.'"  *Bannister v. Armontrout*, 4 F.3d 1434, 1440 (8th Cir. 1993) (quoting *Woods v. City of Michigan City*, 940 F.2d 275, 280 (7th Cir. 1991)).

Defendants now argue for the first time that the question of foreseeability in the context of the loss of consciousness affirmative defense must not be decided by the Court, but is a matter of fact that must be decided by the jury.  In support of their argument, defendants cite *A.W. v. Lancaster County School District 0001*, 280 Neb. 205, 784 N.W.2d 907 (2010).  This is an entirely new argument that was not included in defendants' brief in opposition to plaintiffs' motion for partial summary judgment.  Defendants do not explain why they were unable to raise this argument in their earlier brief.  The Court finds that this new argument "could, and should, have been made before

-3-

the trial court entered" its order on partial summary judgment. *Bannister*, 4 F.3d. at 1440.

In the order granting partial summary judgment, this Court followed the legal analysis of the Nebraska Supreme Court as delineated in *Storjohn v. Fay*, 246 Neb. 454, 519 N.W.2d 521 (1994).[1]  The Court has reviewed its prior summary judgment order and is satisfied that the portion of the present motion of defendants premised on that order should be denied.

**II.  Motion for Directed Verdict;  Bobby Davis' Sleep Apnea.**

During their direct examination of Bobby Davis, defendants inquired as to his sleep apnea condition.  Bobby Davis stated that he had been diagnosed with sleep apnea in 2012, but that the diagnosis was not connected with the accident. Defendants also questioned their expert witness, Dr. Terry Davis, about sleep apnea.  Later, during plaintiffs' cross-examination of Dr. Davis, "Dr. Davis stated that central nervous system sleep apnea can be caused by a brain injury" (Filing No. 231, at 17). Defendants complain, "Subsequent to both Plaintiff Bobby Davis and Dr. Davis's testimony, Plaintiffs' counsel implied during his closing argument that Plaintiff Bobby Davis's sleep apnea is related to the accident in question" (*Id.*).  Defendants state,

---

[1] The Court finds that the case newly cited by defendants in their present motion, *A.W. v. Lancaster County School District 0001*, 280 Neb. 205, 784 N.W.2d 907 (2010), is inapposite to the case at hand.

"There has been no evidence -- testimony or otherwise -- on the record that links Plaintiff Bobby Davis's sleep apnea to the accident in question.  Therefore, it is improper and unreasonable for Plaintiffs' counsel to imply that such sleep apnea was related to the accident in question . . ." (Filing No. 231, at 19-20).

The Court finds that plaintiffs' counsel's remarks during closing argument regarding sleep apnea were merely a summary of the testimony provided by defendants' own expert witness.  Moreover, the Court finds that defendants have not established any basis for the Court to have granted a directed verdict on the issue of sleep apnea.

**III.  Remittitur.**

In support of their argument in favor of a remittitur, defendants quote the Nebraska Supreme Court on the subject of excessive damages:

> One of the bases for a new trial is excessive damages appearing to have been given under the influence of passion or prejudice.  In order for an award to be so excessive as to warrant a new trial, it must be so clearly against the weight and reasonableness of the evidence and so disproportionate as to indicate that it was the result of passion, prejudice, mistake, or some means not apparent in the record, or that the jury disregarded the evidence or rules of law.

-5-

*Shipler v. Gen. Motors Corp.*, 271 Neb. 194, 233, 710 N.W.2d 807, 840 (2006) (internal citation omitted). Defendants complain, "The total damages awarded to Bobby Davis by the jury are seven million, eighty one thousand seven hundred and fifty-seven dollars and eighteen cents ($7,081,757.18) more than the economic damages requested by the Plaintiffs during their closing argument" (Filing No. 231, at 20).

There is no doubt that the jury's verdict in this case is large in comparison to some of the other Nebraska personal injury verdicts cited by both parties in their briefs. However, the injuries sustained by Bobby Davis as a result of the accident were particularly severe, and ample evidence was provided to the jury at trial that his injuries will afflict him for the rest of his life. The facts of this case, described objectively, are, indeed, "devastatingly unique":

> Bobby Davis was impaled with a 21-foot long piece of galvanized steel pipe that came at such a force it penetrated through the metal, plastic, and glass of an eighteen-wheeler tractor before entering his left thigh, traveling through his abdomen and out through his right buttock. He stayed speared in the truck while fire spread from the Bamford, Inc. vehicle, and as he bled internally and externally from his injuries. He experienced alternate times of extreme pain, consciousness, fear, and anguish as citizens and emergency rescue personnel fought the fire and struggled with how to

>remove him from the vehicle.  The jury heard testimony and was presented with documentary evidence regarding the life-saving measures utilized at the scene, in route to the hospital, in the removal of the pipe and initial trauma treatment, and in the initial surgical repairs designed to "put him back together" as best as possible.  The jury also heard testimony and was presented with documentary evidence of the pain, suffering, loss, treatment, and the physical and mental injuries from which Bobby Davis and his wife Brenda Davis will never fully recover.

(Filing No. 237, at 40, internal citation omitted).  This Court cannot say that the jury's verdict shocks the conscience or is "so clearly against the weight and reasonableness of the evidence" as to require a remittitur.  Accordingly,

       IT IS ORDERED:

       1) Defendants' motion for new trial, or in the alternative, for consideration of a remittitur, is denied; and

       2) Defendants' request for oral argument is denied as moot.

       DATED this 20th day of August, 2012.

       BY THE COURT:

       /s/ Lyle E. Strom
       _____
       LYLE E. STROM, Senior Judge
       United States District Court